IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SIDNEY SHAWN BYRD, (TDCJ-CID #872404) Plaintiff, | § § § § |
| vs. | § CIVIL ACTION H-17-2984 |
| BRYAN COLLIER, *et al.*, Defendants. | § § § § |

## MEMORANDUM ON DISMISSAL

Sidney Shawn Byrd, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in October 2017, alleging civil rights violations resulting from a failure to protect his safety and improper classification. Byrd, proceeding pro se and in forma pauperis, sues Bryan Collier, Executive Director of the Texas Department of Criminal Justice; C. Furr, Assistant Warden of the McConnell Unit; (fnu) Prestwood, Assistant Warden of the Estelle Unit; Matox B. Rigsby, officer at the Estelle Unit; and Ms. Ballard, Classification officer at Estelle Unit.

The threshold issue is whether Byrd's claims should be dismissed as frivolous.

### I. Plaintiff's Allegations

Byrd states that while confined at the Coffield Unit, he became aware of a smuggling ring involving prison guards and inmates who were gang members. Byrd states that he was convicted of possessing a cell phone in Anderson County. Byrd reported the smuggling of cell phones, drugs, and other contraband to the FBI and prison wardens. Byrd asserts that prison officials did not want to admit that there was a systemic problem of contraband, and chose instead to label Byrd as an informant. As a result, Byrd states that he was harassed and threatened. He was transferred to the

McConnell Unit where the threats to his safety continued. Byrd wrote a letter to Senator John Whitmire concerning the contraband and fear for his safety. Byrd claims that this letter was circulated among gang members on the unit. Due to threats to Byrd's safety, he was transferred from the Coffield Unit to the McConnell Unit.

Byrd complains that Warden Furr refused to take steps to protect Byrd on the ground that Byrd was unable to prove that a threat existed. Following open heart surgery in April 2017, Byrd was transferred to the Estelle Unit. Byrd complains that he was placed in a very restrictive environment and treated as an inmate with disciplinary problems. Byrd was transferred to a cellblock for high-profile inmates. Byrd asserts that he has been placed in this dangerous cellblock as an act of retaliation. Despite the threats to Byrd's safety, Byrd complains that prison officials have failed to classify him correctly and have denied him placement in protective custody.

Byrd seeks placement in protective custody.

## II.  Standard of Review

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is

based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III. The Claim Based on a Failure to Protect

An inmate's claim that his Eighth Amendment rights were violated because prison officials failed to protect him from harm requires a showing of deliberate indifference. *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). The standard compares to "subjective recklessness as used in the criminal law." *Id.* at 839-40. The inmate must show that the officials knew facts from which an inference of risk could be drawn and that they drew the inference. Under special circumstances, official knowledge of a substantial risk may be inferred from the obviousness of that risk. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994).

Prison officials must be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order. *McCord v. Maggio,* 910 F.2d 1248 (5th Cir. 1990)(citing *Bell v. Wolfish,* 441 U.S. 520, 547 (1979)). A court may not second-guess prison officials' good faith assessment of the facts before them or the adequacy of their efforts to maintain prison discipline and security.

On January 3, 2017, Byrd filed a Step 1 Grievance complaining that a letter he wrote to Senator Whitmire was circulated among inmates. Byrd stated that upon his return from Hospital Galveston, he received a note or "kite" containing a death threat.

On January 30, 2017, Warden Putnam responded:

> Your complaint has been reviewed. Investigation revealed that you were reviewed by the McConnell Unit's Classification Committee on January 3, 2017 in which the committee recommended a unit transfer

> pending the decision of the State Classification Committee. On January 24, 2017 the State Classification Committee reviewed the Offender Protection Investigation and denied the unit transfer. No further action is warranted by this office.

(Docket Entry No. 1-1, p. 2).

On February 7, 2017, Byrd filed a Step 2 Grievance. (Docket Entry No. 1-1, p. 3). Byrd argued that his life was in danger because gang members on the unit knew that Byrd had written a letter to Senator Whitmire concerning the smuggling of cell phones onto the unit.

On February 24, 2017, Assistant Regional Director P. Chapa responded:

> Your complaint has been noted. Investigation revealed SCC denied the units request for your transfer due to no evidence supporting you as being threatened and/or targeted. You failed to provide a copy of the allege kite you claim to have received. You are current housed in Ad Seg custody and in restrictive housing. Should you receive new or additional information regarding your allegations an additional investigation will be conducted. No further action warranted.

*Id.* at 4.

Byrd alleges that the defendants failed to protect his personal safety. Byrd alleges that the defendants were aware of the threats to Byrd's safety, but refused to take corrective measures. From the pleadings, it appears that the defendants knew of a general threat to Byrd's safety. The defendants did not know of any other details such as who would injure Byrd, where Byrd would be injured, or when Byrd would be injured. Byrd does not allege that he was actually injured by fellow inmates. Byrd's pleadings show that prison officials transferred Byrd to a different unit in an effort to protect Byrd's safety. Byrd indicates that he has been housed in solitary confinement for the past two decades.

Byrd has not alleged that the defendants knew of, and disregarded, a substantial risk to Byrd's

health and safety. The facts Byrd alleges do not demonstrate that he faced an obvious risk to his personal safety. Byrd has not alleged that the defendants deliberately failed to protect Byrd's personal safety, in violation of the Eighth Amendment. Byrd's claim is dismissed as frivolous.

## IV. The Claim Based on Improper Classification

Byrd complains that the defendants have denied his request to be placed in protective custody. The Constitution does not provide prison inmates with a liberty interest in any particular custody classification. *Meachum v. Fano*, 427 U.S. 215 (1976); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). Prison officials are given broad discretion in classifying inmates according to internal administrative criteria. *See Mikeska v. Collins*, 900 F.2d 833 (5th Cir. 1990), substituted op., 928 F.2d 126 (5th Cir. 1991). "[P]rison officials have broad administrative and discretionary authority over the institutions they manage and lawfully incarcerated persons retain only a narrow range of protected liberty interest. Classification of inmates is one of those administrative functions." *Jackson v. Cain*, 864 F.2d 1235, 1247, 1247-48 (5th Cir. 1989)(citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983) and *Wilkerson v. Maggio*, 703 F.2d 909 (5th Cir. 1983)).

Byrd's claim based on the denial of his requested custodial classification is dismissed as frivolous. 28 U.S.C. § 1915A(b)(1).

## V. Motion for Injunctive Relief

Byrd filed a Motion for Temporary Restraining Order and Preliminary Injunction, (Docket Entry No. 4), seeking to compel the defendants to transfer him in a single-person van. He explains that his medical condition renders him vulnerable to attack. He further explains that because he is on blood thinners, the slightest injury could be fatal.

Four prerequisites must be satisfied before a plaintiff can be awarded preliminary injunctive

relief: (1) substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) an evaluation that the threatened injury to the plaintiff outweighs the threatened injury the injunction may cause the defendants; and (4) a determination that the injunction does not disserve public interest. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 516 U.S. 1166 (1996); *Hay v. Waldron*, 834 F.2d 481 (5th Cir. 1987).

Injunctive relief in the form of "superintending federal injunctive decrees directing state officials," is an extraordinary remedy. *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985). A preliminary injunction should not be granted unless the movant, by a clear showing, carries the burden of persuasion. *Cherokee Pump & Equip., Inc. v. Aurora Pump*, 38 F.3d 246 (5th Cir. 1994).

Byrd has not satisfied the first requirement because difficult questions of law create sufficient doubt regarding the probability of his success on the merits. Nor has Byrd met the second requirement of demonstrating that he faces a substantial risk of irreparable injury if the injunction is not granted. Byrd makes a broad request for placement in protective custody to prevent potential injury. He has not shown that he faces a substantial risk of irreparable injury if the injunction is not granted.

Byrd has not clearly carried his burden of persuasion, and therefore, it is ORDERED that his Motion for Temporary Restraining Order and Preliminary Injunction, (Docket Entry No. 4), is DENIED without prejudice. Byrd's Motion for Temporary Restraining Order and Preliminary Injunction, (Docket Entry No. 4), is subject to reconsideration by the court as appropriate.

## VI. Conclusion

Byrd's motion to proceed *in forma pauperis*, (Docket Entry No. 2), is GRANTED. The action filed by Sidney Shawn Byrd (TDCJ-CID Inmate #872404) lacks an arguable basis in law. His

claims are DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1). Byrd's Motion for Temporary Restraining Order and Preliminary Injunction, (Docket Entry No. 4), is DENIED. Any remaining pending motions are DENIED as moot.

The TDCJ-CID shall deduct twenty percent of each deposit made to Byrd's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on Oct 31, 2017.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE